COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

RAYMUNDO ALVAREZ,                                   )

                                                                              )               No.  08-03-00505-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )               
243rd District Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )              
(TC# 20030D03273)

                                                                              )

 

 

MEMORANDUM  OPINION

 

Appellant Raymundo Alvarez attempts to appeal a conviction for the
second degree felony offense of robbery. 
Upon Appellant=s
guilty plea, the trial court found Appellant guilty of the offense as charged
and sentenced Appellant to 8 years=
imprisonment, probated to 8 years=
of community supervision.  Finding that
Appellant has no right of appeal, we dismiss the appeal.

Rule 25.2(a)(2)
governs the defendant=s
right to appeal in a criminal case:

 

A defendant in a
criminal case has the right of appeal under Code of Criminal Procedure article
44.02 and these rules.  The trial court
shall enter a certification of the defendant=s
right of appeal in every case in which it enters a judgment of guilt or other appealable order.  In
a plea bargain case--that is, a case in which the defendant=s plea is guilty or nolo
contendere and the punishment did not exceed the
punishment recommended by the prosecutor and agreed to by the defendant--a
defendant may appeal only:

 

(A)       those matters
that were raised by written motion filed and ruled on before trial, or








(B)       after getting
the trial court=s
permission to appeal.

 

Tex.R.App.P. 25.2(a)(2).

 

Appellant filed a
timely notice of appeal and filed the trial court=s
certification of the defendant=s
right to appeal as required by Rules 25.2(a)(2) and
25.2(d).  The trial court=s certification reflects that the
appeal Ais a
plea-bargain case, and the defendant has NO right of appeal.@ 
On January 13, 2004, the clerk of this Court notified Appellant=s counsel that the certification
reflects that Appellant has no right of appeal in this case and requested a
response.  In his letter brief, Appellant
admits that he entered a negotiated plea of guilty and was sentenced according
to the terms of the plea agreement. 
However, he contends his trial counsel informed him that he was pleading
guilty to a misdemeanor offense and only a few days later after speaking to
several individuals, did he realize that he had pled guilty to a felony.[1]  Appellant now wishes to withdraw his plea of
guilty.  In this case, Appellant filed a
Motion for New Trial on this issue, which the trial court denied.  Appellant also filed a Motion for Permission
to Appeal, which the trial court implicitly denied through its certification
filed later that same day, in which it found Appellant had no right of
appeal.  Appellant requests that this
Court grant him permission to appeal.

The Legislature
has determined that the authority and discretion to grant permission to appeal
rests solely in the trial court.  Article
44.02 of the Texas Code of Criminal Procedure provides:








A defendant in any
criminal action has the right of appeal under the rules hereinafter prescribed,
provided, however, before the defendant who has been convicted upon either his
plea of guilty or plea of nolo contendere
before the court and the court, upon the election of the defendant, assesses
punishment and the punishment does not exceed the punishment recommended by the
prosecutor and agreed to by the defendant and his attorney may prosecute his
appeal, he must have permission of the trial court, except on those matters
which have been raised by written motion filed prior to trial.  This article in no way affects appeals
pursuant to Article 44.17 of this chapter.

 

Tex.Code Crim.Proc.Ann.
art. 44.02 (Vernon 1979).

 

Because the trial
court has denied Appellant permission to appeal this issue, Appellant has no
right of appeal.  Accordingly, the appeal
is dismissed.

 

 

 

February
12, 2004

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.

 

(Do Not Publish)











[1]
Appellant has filed with this Court the reporter=s
record of the plea of guilty proceeding in the trial court.  Exhibit 1 indicates that Appellant signed the
Court=s notice
of his rights, written admonishments, waiver of
rights, judicial confession, and plea agreement and initialed the paragraph
that explained he was pleading guilty to the second degree felony offense of
robbery.